IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GEORGE HARTZMAN,                )
                                )
            Plaintiff,           )
                                )
    v.                           )    1:14CV808
                                )
WELLS FARGO & COMPANY,           )
                                )
            Defendant.           )

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff's Motion to Seal Document (Docket Entry 22), Plaintiff's Motion for Leave to File an Amended Complaint (Docket Entry 24), and Plaintiff's Motions to Compel (Docket Entries 31, 32). For the reasons that follow, the Court will deny as moot Plaintiff's Motion to Seal, will grant in part and deny in part Plaintiff's Motion to Amend,[1] and will deny Plaintiff's Motions to Compel.

---

[1] For reasons stated in Deberry v. Davis, No. 1:08CV582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr. 19, 2010) (unpublished), the undersigned Magistrate Judge will enter an order, rather than a recommendation as to Plaintiff's Motion to Amend. See also Everett v. Prison Health Servs., 412 F. App'x 604, 605 & n.2 (4th Cir. 2011) ("[The plaintiff] moved for leave to amend her complaint . . . to add . . . a defendant . . . and to add a state-law claim of medical malpractice against [that new defendant]. After a hearing, the magistrate judge denied [that] motion. [The plaintiff] timely objected, thereby preserving the issue for review by the district court. . . . [T]he district court could not modify or set aside any portion of the magistrate judge's order unless the magistrate judge's decision was 'clearly erroneous or contrary to law.' Fed. R. Civ. P. 72(a); 28 U.S.C.A. § 636(b)(1)(A) (2006 & Supp. 2010).").

I.   BACKGROUND

Plaintiff commenced this action by filing a four-page Complaint alleging that Defendant, his former employer, retaliated against him for reporting Defendant's allegedly fraudulent practices in violation of a whistleblower provision within the Sarbanes-Oxley Act, codified at 18 U.S.C. § 1514A(b). (See Docket Entry 1 at 1.)  Plaintiff subsequently filed a Supplement to that Complaint, which includes approximately 50 pages of attachments containing additional factual allegations, charts, and correspondence concerning his related Department of Labor administrative proceeding. (See Docket Entry 8 and its various attachments.)  Defendant then moved to dismiss the Amended Complaint (Docket Entry 19), contending that "there are no facts alleged in the Complaint that, under any interpretation, satisfy the pleading requirements of *Twombly* and *Iqbal*.  The Complaint is completely devoid of any allegation that would reasonably inform [Defendant], or any other reader, of the factual basis for any claim that [Plaintiff] may be trying to assert" (Docket Entry 20 at 8).

Plaintiff, in an apparent effort to provide such factual matter, sought leave to amend his pleading a second time. (Docket Entry 24.)  Accordingly, Plaintiff's proposed Second Amended Complaint consists of over 140 pages which reflect a jumble of factual allegations, charts, correspondence, and website links to

news articles.  (See Docket Entry 24-1 at 1-143.)  Defendant responded in opposition to amendment, on grounds of futility (Docket Entry 29), and Plaintiff replied (Docket Entry 30).

In connection with Plaintiff's instant Motion to Amend, Plaintiff also sought to file under seal a document as an attachment to the Second Amended Complaint, in keeping with Defendant's contention that said document should remain confidential.  (Docket Entry 22 at 1-2.)  In response, the Court entered a Text Order directing Plaintiff to supplement his Motion to Seal according to the requirements of Local Rule 5.4.  (Text Order dated Dec. 1, 2014.)  Plaintiff filed a Supplement (Docket Entry 23), to which Defendant responded (Docket Entry 25), and Plaintiff replied (Docket Entry 28).

In addition, Plaintiff submitted two documents entitled Motions to Compel.  (Docket Entries 31, 32.)  Those Motions seek the recusal of various individuals - including SEC Chair Mary Jo White and Attorney General Eric Holder - who have no apparent involvement in this case.  (See Docket Entry 31 at 1; Docket Entry 32 at 1.)  Defendant then responded in opposition (Docket Entry 33) and Plaintiff replied (Docket Entry 34).

## II. DISCUSSION

A. Plaintiff's Motion to Amend

Plaintiff requests leave to amend "to add Defendants and refine claims of harms suffered from [D]efendants' behavior

described in the [C]omplaint." (Docket Entry 24 at 1.) Specifically, Plaintiff's First Amended Complaint names only "Wells Fargo" as a Defendant (Docket Entry 8 at 1), whereas his proposed Second Amended Complaint seeks to proceed against "Wells Fargo & Company or one or more of its direct or indirect subsidiaries" (Docket Entry 24-1 at 1), as well John Gerard Stumpf (current Chairman and CEO of Defendant Wells Fargo) and Robert King Steel (former CEO of Wachovia prior to its sale to Defendant Wells Fargo) (id. at 8-9). Plaintiff's Second Amended Complaint further identifies 21 additional purported claims (not including his Sarbanes-Oxley whistleblower claim) against Defendant, ranging from criminal offenses (such as, bank fraud and perjury), to a provision concerning fiduciary responsibilities under ERISA (the Employee Retirement Income Security Act), to an action for deprivation of rights under 42 U.S.C. § 1983. (See Docket Entry 24-1 at 140-42.) Defendant opposes amendment on grounds of futility, because, according to Defendant, the Second Amended Complaint fails to state a claim. (Docket Entry 29 at 1-7.)[2]

---

[2] Defendant, in a footnote, asserts that amendment "is also improper because it is advanced in response to [Defendant's] [M]otion to [D]ismiss." (Docket Entry 29 at 7 n.2.) In support, Defendant cites this Court's prior observation that "courts look disfavorably on motions to amend brought for the purpose of circumventing dispositive motions," Googerdy v. North Carolina Agric. & Technical State Univ., 386 F. Supp. 2d 618, 623 (M.D.N.C. 2005) (Osteen, Sr., J.). (See Docket Entry 29 at 7 n.2.) In that case, the Court discussed motions to amend brought in bad faith, often after substantial and unreasonable delay, see id.,
(continued...)

Given Defendant's refusal of consent, Plaintiff "may amend its pleading only with . . . the [C]ourt's leave. The [C]ourt should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Under this standard, the Court has discretion, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion."  Foman v. Davis, 371 U.S. 178, 182 (1962).  Accordingly, "the federal rules strongly favor granting leave to amend."  Medigan of Ky., Inc. v. Pub. Serv. Comm'n, 985 F.2d 164, 167-68 (4th Cir. 1993). Furthermore, as the Fourth Circuit has noted, "[t]he law is well settled 'that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'"  Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)) (emphasis in original).

"An amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)."  Syngenta Crop Prod., Inc. v. EPA, 222 F.R.D. 271, 278 (M.D.N.C. 2004)

---

[2](...continued)
circumstances not present here.  In that regard, Defendant's argument fails to distinguish motions to amend filed in response to a motion to dismiss from such motions filed to circumvent a motion to dismiss.  Moreover, under the circumstances presented, the Court declines to find any bad faith.

(Tilley, C.J.). A plaintiff fails to state a claim when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510 (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)).

As an initial matter, Plaintiff's proposed Second Amended Complaint appears to test the limits of the Federal Rules of Civil Procedure's requirements that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegation

must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). "While the Court must bear in mind that Rule 8 does not require technical forms of pleading or motions and that the pleadings submitted by parties proceeding *pro se* are to be viewed especially liberally, the Court is also mindful that [] [D]efendant must be provided notice of the claims against [it] so that [it] may prepare a defense." Jenkins v. Trustees of Sandhills Cmty. Coll., Nos. 1:99CV664, 1:00CV166, 2002 WL 31941503, at *5 (M.D.N.C. Dec. 3, 2002) (unpublished) (Tilley, C.J.) (internal citation and quotation marks omitted).

In this case, Plaintiff first filed a reasonably concise Complaint (see Docket Entry 1), which then ballooned in size and complexity as Plaintiff attempted to add sufficient factual support to survive a motion to dismiss (see Docket Entry 24-1). In that regard, Plaintiff appears to have acted in good faith in seeking amendment. Although Defendant raises the issue of length and clarity in response to the instant Motion (see Docket Entry 19 at 5), it does not argue that Rule 8 provides a basis to deny amendment (see id. at 1-7). Given these circumstances, particularly the absence of bad faith on Plaintiff's part, the Court concludes that Rule 8 should not bar amendment in this case.

Moreover, Plaintiff's proposed Second Amended Complaint - as it concerns Plaintiff's Sarbanes-Oxley whistleblower claim - does not appear "clearly insufficient or frivolous on its face,"

-7-

Johnson, 785 F.2d at 510. In opposing amendment, Defendant principally contends that the proposed Second Amended Complaint "simply repeats (at length) the same outlandish and implausible conspiracy theories of his first two complaints [and] [i]t alleges no facts indicating that [Plaintiff] had a reasonable and objective basis for believing that any laws were being or had been violated to support his alleged 'whistleblower' claim." (Docket Entry 29 at 5.) Defendant's Brief, however, does not provide any further explanation as to the unreasonableness of Plaintiff's belief that Defendant's actions constituted violations of federal law. (See id. at 5-6.)

Under the Sarbanes-Oxley Act, a plaintiff asserting a whistleblower claim "must first establish a prima facie case by proving, by a preponderance of the evidence, that: (1) []he engaged in protected activity; (2) the employer knew that []he engaged in the protected activity; (3) []he suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action." Feldman v. Law Enforcement Assocs. Corp., 752 F.3d 339, 344 (4th Cir. 2014) (internal footnote and quotation marks omitted). Under this provision, "protected activity" refers to an employee's "'report[ing] [of] conduct that he or she *reasonably believes* constituted a violation of [designated] federal law[s].'" Id. at 344 n.5 (emphasis in original) (quoting Sylvester v. Parexel Int'l LLC, ARB Case No. 07-123, 2011 WL 2165854, at *15

(Dep't of Labor May 25, 2011) (unpublished)). "The first of th[o]se elements does not require proof that the employer's conduct was, in fact, a legally actionable fraud. The whistleblower need only show that []he 'had both a subjective belief and an objectively reasonable belief that the conduct' violated relevant law." Jones v. Southpeak Interactive Corp. of Del., 777 F.3d 658, 668 (4th Cir. 2015) (quoting Welch v. Chao, 536 F.3d 269, 275 (4th Cir. 2008)).

Plaintiff's Second Amended Complaint asserts that, in December 2011, Plaintiff filed internal reports as to a series of alleged violations, including the allegation that Defendant failed to make public disclosures required under federal securities laws concerning certain loans it received from the Federal Reserve. (Docket Entry 24-1 at 50-51.) The Second Amended Complaint then alleges that, during that same month, the Securities and Exchange Commission sent Defendant an inquiry concerning its decision not to disclose those same loans. (Id. at 54-55.) Further, the Second Amended Complaint alleges that Plaintiff consulted (through a journalist) with outside experts who provided some support for the position that Defendant's conduct may have violated federal law. (Id. at 120-21.) Without deciding the ultimate question as to whether Plaintiff sufficiently has alleged factual matter establishing that he held an objectively reasonable belief that Defendant had violated federal securities laws, the Court concludes

that Plaintiff's allegations in that regard do not qualify as "clearly insufficient or frivolous on [their] face," Johnson, 785 F.2d at 510. Defendant does not address the remaining elements of Plaintiff's whistleblower claim (see Docket Entry 29 at 1-7); moreover, the record before the Court does not reveal facially obvious defects in his prima facie case as to that claim.

However, the Court concludes that Plaintiff's request to add Wells Fargo Chairman and CEO John Stumpf and former Wachovia CEO Robert Steel qualifies as clearly insufficient as a matter of law. Under the Sarbanes-Oxley whistleblower provision,

> In order to state a 'plausible' claim for relief against [individual defendants], Plaintiff's Complaint must sufficiently set forth facts 'on its face' that [the individuals named] knew that [Plaintiff] had engaged in protected activity, were involved in the alleged adverse employment action, and that a causal connection exi[s]ts between the protected activity and the adverse employment action taken by the named [d]efendants.

Bury v. Force Protection, Inc., Civ. A. No. 2:09-1708-DCN-BM, 2011 WL 2935916, at *1 (D.S.C. June 27, 2011) (unpublished). As Defendant has argued (see Docket Entry 29 at 5-6), no plausible factual basis exists to join Mr. Stumpf or Mr. Steele to this action. Although Plaintiff's Second Amended Complaint contains extensive factual matter concerning alleged wrongdoing by these individuals (see, e.g., Docket Entry 24-1 at 1, 8, 15-16, 35, 108), none of those factual allegations describe any retaliatory acts committed by them against Plaintiff (see id. at 1-143).

That Mr. Stumpf and Mr. Steel reportedly carried out the alleged violations of federal law which formed the basis for Plaintiff's reports does not render them liable to Plaintiff, absent allegations concerning their personal involvement in the alleged retaliation against Plaintiff. See, e.g., Jordan v. Sprint Nextel Corp., 3 F. Supp. 3d 917, 931 & n.48 (D. Kan. 2014) ("Plaintiff fails to state a claim against [an individual defendant] because there are no allegations that [the individual defendant] personally undertook any actions against Plaintiff."); Bury, 2011 WL 2935916, at *2 ("Plaintiff does assert some specific factual allegations against these [individuals] . . . . However, nowhere in his one hundred forty (140) page Complaint does Plaintiff set forth any factual allegations to show that [the individuals named] [were] in any way involved in the decisions not to promote or fire him . . . ."). Accordingly, the Court will deny Plaintiff's instant Motion as to its request to add individual defendants because such request qualifies as futile.

Finally, as to the issue of additional causes of action beyond Plaintiff's Sarbanes-Oxley whistleblower claim, the Court construes the proposed Second Amended Complaint as plausibly asserting only that whistleblower claim. As discussed by Defendant's Motion to Dismiss (see Docket Entry 20 at 11-16), Plaintiff made passing - and frequently unintelligible - references to various other claims in both his Complaint and Supplement (see Docket Entry 1 at 1-4;

Docket Entry 8 at 1-2). Now, Plaintiff's proposed second Amended Complaint includes a list consisting of 21 additional claims (see Docket Entry 24-1 at 140-141), none of which survives review under the frivolous-on-its-face standard, see Johnson, 785 F.2d at 510.

First, Plaintiff's list of claims includes several criminal statutes (see Docket Entry 24-1 at 140-41 (citing 18 U.S.C. §§ 1343 (wire fraud), 1344 (bank fraud), 1346 (honest services theory of fraud), 1348 (securities fraud), 1621 (perjury)), which do not provide for any private right of action, see, e.g., Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). Although the Racketeer Influenced and Corrupt Organizations Act (RICO), listed by Plaintiff (Docket Entry 24-1 at 140 (citing 18 U.S.C. § 1962)), does include a civil remedy, see 18 U.S.C. § 1964(c), Plaintiff's proposed Second Amended Complaint contains no other discussion of or factual allegations to plausibly support such a claim (see Docket Entry 24-1 at 1-143).

Second, Plaintiff's list further includes several criminal and civil securities provisions (see Docket Entry 24-1 at 140-41 (citing 15 U.S.C. §§ 77q (Securities Act of 1933), 80a-35, 80a-47 (Investment Company Act of 1940), 7243, 7245 (corporate responsibility provisions of Sarbanes-Oxley)), which similarly preclude private rights of action, see, e.g., Cohen v. Viray, 622 F.3d 188, 194 (2d. Cir. 2010) ("We therefore join our sister

-12-

circuits in holding that § 304 [codified at 15 U.S.C. § 7243] does not create a private cause of action."); <u>Newcome v. Esrey</u>, 862 F.2d 1099, 1100 (4th Cir. 1988) ("[W]e hold that no private right of action is available under section 17(a) [codified at 15 U.S.C. § 77q(a)]"); <u>In re Merrill Lynch Inv. Mgmt. Funds. Sec. Litig.</u>, 434 F. Supp. 2d 233, 239 (S.D.N.Y. 2006) ("[C]laims under Sections . . . 36(a)[] and 48(a) [codified at 15 U.S.C. §§ 80a-35, 80a-47] of the ICA fail, because there is no private right of action under these provisions."). Likewise, 15 U.S.C. § 78t (§ 20(a) of the Securities Exchange Act of 1940) provides for supervisory liability for other violations of that Act, <u>Janus Capital Grp. v. First Derivative Traders</u>, __ U.S. __, __, 131 S. Ct. 2296, 2304 (2011); however, Plaintiff has not identified the underlying violation which gives rise to such liability (<u>see</u> Docket Entry 24-1 at 140-41).

Moreover, even if Plaintiff's proposed Second Amended Complaint had identified an appropriate cause of action for a securities violation, such "claims must be stated with particularity [pursuant to Federal Rule of Civil Procedure 9(b)'s special pleading requirements for fraud] . . . [and] Plaintiff[] must establish the who, what, when, where, and how of the alleged fraud that underlies [his] claims," <u>Plymouth Cnty. Retirement Ass'n v. Primo Water Corp.</u>, 966 F. Supp. 2d 525, 539 (M.D.N.C. 2013) (Schroeder, J.). Plaintiff's proposed Second Amended Complaint

simply fails to meet that burden as to any securities fraud allegations. (See Docket Entry 24-1 at 1-143.)[3]

Third, to the extent Plaintiff seeks to state a claim under particular provisions of ERISA (see Docket Entry 24-1 at 140-41 (citing 19 U.S.C. §§ 1103(c)(1), 1104)), such claim would also qualify as futile. Similar to several of the provisions discussed above, §§ 1103 and 1104 impose requirements (here, on managers of employee retirement plans) but do not themselves create private causes of action, see 19 U.S.C. §§ 1103, 1104(c)(1). Instead, a participant or beneficiary who wishes to maintain a private action under ERISA must look to § 1132(a), which provides remedies to private plaintiffs in limited circumstances. See LaRue v. DeWolff, Boberg, & Assocs., Inc., 450 F.3d 570, 573 (4th Cir. 2006) ("Section 1132(a) stops short of providing ERISA complainants with a full arsenal of relief. ERISA is an enormously complex and detailed statute that resolves innumerable disputes between powerful competing interests - not all in favor of potential plaintiffs." (internal quotation marks and bracket omitted)), vacated on other grounds, 552 U.S. 248 (2008). Given the lack of factual matter alleged by Plaintiff as to the nature of any possible ERISA claim (see Docket Entry 24-1 at 1-143), the Court

---

[3] For this reason, Plaintiff's citation - without explanation - to various regulations promulgated under the Securities Exchange Act of 1934 (see Docket Entry 24-1 at 140-41 (citing 17 C.F.R. §§ 240.4a-9, 240.10b-3, 240.10b-5, 240.12b-20, 240.13b2-2)) similarly qualifies as insufficient on its face.

cannot identify a plausible theory of recovery under that statute. Furthermore, as noted by Defendant in its Motion to Dismiss, the applicable three-year statute of limitations would likely bar any claim under ERISA. (See Docket Entry 20 at 12 (citing Cherochak v. Unum Life Ins. Co. of Am., 586 F. Supp. 2d 522, 530 (4th Cir. 2008).)

Finally, Plaintiff's proposed Second Amended Complaint appears to assert a cause of action under 42 U.S.C. § 1983 (see Docket Entry 24-1 at 141), which provides a civil remedy for the deprivation of constitutional or statutory rights by state actors, see generally DeBauche v. Tani, 191 F.3d 499, 506-07 (4th Cir. 1999). However, Plaintiff's proposed Second Amended Complaint contains no allegations to support that Defendant qualifies as a state actor under that statute. (See Docket Entry 24-1 at 1-143.)

In sum, given the obvious defects of these claims, the Court construes Plaintiff's proposed Second Amended Complaint as plausibly alleging only a cause of action under the Sarbanes-Oxley whistleblower provision.[4] The Court will thus grant Plaintiff leave to file his proposed Second Amended Complaint, except as to

---

[4] Furthermore, Defendant's proposed Second Amended Complaint includes a list of "Requested Relief" which asks, inter alia, for the Court to "issue an order directing the Defendants to disgorge all ill-gotten gains" and requests various forms of injunctive relief. (Docket Entry 24-1 at 142.) Given that the Court has declined to grant amendment as to any additional claims, it will construe the proposed Second Amended Complaint as seeking only relief available under the Sarbanes-Oxley whistleblower statute, see 18 U.S.C. § 1514A(c) (listing available remedies).

his requests to add John Stumpf and Robert Steele as Defendants and to assert any additional claims.[5]

B. Plaintiff's Motion to Seal Document

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern." Landmark Comm'cns, Inc. v. Virginia, 435 U.S. 829, 839 (1978). As a result, "the courts of this country recognize a general right to inspect and copy . . . judicial records and documents." Nixon v. Warner Comm'cns, Inc., 435 U.S. 589, 597 (1978). Accordingly, this Court's Local Rules impose certain procedural requirements upon a litigant who seeks to file a document under seal. See generally M.D.N.C. R. 5.4. Of particular relevance here, that Rule requires the filing party to "[s]tate why the documents are relevant to a matter before the Court, and are not filed unnecessarily." M.D.N.C. R. 5.4(c)(2) (emphasis added).

Plaintiff seeks to file a report (the "Sanchez Report") prepared for Defendant by an outside consulting firm, which evaluates the alleged violations Plaintiff reported while employed

---

[5] The Court additionally notes that the filing of Plaintiff's Second Amended Complaint will render Defendant's Motion to Dismiss for Failure to State a Claim (Docket Entry 19) moot. See, e.g., Sennot v. Adams, Civ. No. 6:13CV02813-GRA, 2014 WL 2434745, at *3 (D.S.C. May 29, 2014) (unpublished) ("'As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.' Thus, a defendant's previous motion to dismiss is rendered moot when a plaintiff files an amended complaint." (quoting Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001))).

by Defendant.  (See Docket Entry 22 at 1-2; Docket Entry 23 at 1; see also Docket Entry 26 (the Sanchez Report).)  Plaintiff consulted with Defendant prior to filing and Defendant requested sealing of the Sanchez Report. (Docket Entry 22 at 2.)  After the Court ordered Plaintiff to supplement his Motion to Seal and state, inter alia, "why the document(s) in question are relevant to the matter before the Court, as mandated by Local Rule 5.4(c)" (Text Order dated Dec. 1, 2014), Plaintiff filed a one-sentence response: "Plaintiff is preparing an Amended Complaint, to be filed by Friday, December 5, 2014, in which the Sanchez [R]eport provides factual evidence of adverse acts committed against Plaintiff by Defendant, which are violations of Sarbanes Oxley whistleblower statutes" (Docket Entry 23 at 1).

Plaintiff's conclusory statement that the Sanchez Report supports his Second Amended Complaint does not satisfy Local Rule 5.4(c)(2), requiring that the filing party state why the document in question does not constitute an unnecessary filing, M.D.N.C. R. 5.4(c)(2).  Nor is the need to file the entire Report apparent on its face, particularly given that Plaintiff's proposed Second Amended Complaint references the aspects of the Report which Plaintiff has deemed relevant to his case (see Docket Entry 24-1 at 102-06).  Moreover, as alleged by Plaintiff's proposed Second Amended Complaint, the Report apparently absolves Defendant of all wrongdoing (see id. at 102-05), casting further doubt as to

-17-

Plaintiff's need to file the Sanchez Report as an attachment to his Second Amended Complaint.

Under these circumstances, the Court concludes that Plaintiff has failed to show why the Report's filing at this moment does not qualify as unnecessary. Therefore, the Court will direct the Clerk to strike the unredacted version of the Sanchez Report (Docket Entry 26) and will deny Plaintiff's Motion to Seal as moot.

C.  Plaintiff's Motions to Compel

Plaintiff filed two documents styled as motions to compel; however, said motions to not concern discovery. (See Docket Entries 31, 32.) Instead, the first of those Motions "request[s] the Court to compel the SEC and FINRA to obtain and verify the recusal of SEC Chair Mary Jo White, and other SEC and FINRA employees with conflicts of interest in Civil Action No. 14CV808." (Docket Entry 31 at 1.) The second Motion similarly "request[s] the Court to compel the Department of Justice and FBI to obtain and verify the recusal of Attorney General Eric Holder, and Other DOJ and FBI employees with conflicts of interest in Civil Action No. 14CV808." (Docket Entry 32 at 1.)

The term "recusal" refers to the "[r]emoval of oneself as judge or policy-maker in particular matter, esp[ecially] because of a conflict of interest." Black's Law Dictionary (10th ed. 2014). Although these Motions do not clearly state the nature of the relief sought by Plaintiff, the Court presumes that Plaintiff seeks

-18-

to prevent the future intervention of those individuals as Parties. Nonetheless, the record before the Court reflects no efforts to intervene - or any other involvement - in this case by the SEC Chair, the Attorney General, or any SEC, FINRA, DOJ, or FBI employees. (See Docket Entries dated Sept. 22, 2014, to present.) Plaintiff has not provided any relevant authority (see Docket Entry 31 at 1-9; Docket Entry 32 at 1-9), and the Court knows of none, that would authorize any relief directed at the non-parties identified in these Motions. Given these considerations, the Court will deny Plaintiff's Motions to Compel.

### III. CONCLUSION

Plaintiff has shown a basis to permit (at least in part) his proposed further amendment of his Amended Complaint, but has failed to show any basis for his Motion to Seal or his Motions to Compel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (Docket Entry 24) is **GRANTED IN PART AND DENIED IN PART** and that, on or before April 1, 2015, Plaintiff shall file his proposed Amended Complaint (Docket Entry 24-1) as a Second Amended Complaint, but without the addition of John Stumpf or Robert Steel as Defendants or the inclusion of any causes of action beyond his claim of retaliation related to the Sarbanes-Oxley Act. Plaintiff's filing of a Second Amended Complaint will render moot Defendant's Motion to Dismiss (Docket Entry 19).

**IT IS FURTHER ORDERED** that, if Plaintiff timely files his Second Amended Complaint as outlined above, Defendant shall, on or before April 20, 2015, respond to Plaintiff's Second Amended Complaint.

**IT IS FURTHER ORDERED** that the Clerk shall strike the unredacted version of the Sanchez Report (Docket Entry 26) and that Plaintiff's Motion to Seal Document (Docket Entry 22) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Compel (Docket Entries 31, 32) are **DENIED.**

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

March 19, 2015